RECEIVED BY MAIL

JAN 1 2 2026

CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Brooks Hoel,

    Plaintiff,

v.

Wright County,

    Defendant.

Civil Action No.   26-cv-180-LMP/LIB

## COMPLAINT

### INTRODUCTION

This action arises from Wright County's continued use of criminal custody, warrants, and financial enforcement after its authority in Plaintiff's criminal case had expired. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of the Fourth Amendment.

### I.   PARTIES

1. Plaintiff Robert Brooks Hoel is a natural person.

2. Defendant Wright County is a municipal corporation and political subdivision of the State of Minnesota, and at all relevant times acted through its departments, agencies, employees, contractors, and officials responsible for probation supervision, warrant enforcement, custody decisions, and related criminal process.

SCANNED

JAN 0 9 2026

U.S. DISTRICT COURT DULUTH

## II.    JURISDICTION AND VENUE

3.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within this District.

## III.    STATEMENT OF FACTS

5.  Plaintiff's sentence in State of Minnesota vs ROBERT BROOKS HOEL, Case Number 86-CR-16-4175, included a term of supervised probation that expired on May 18, 2019.

6.  No judicial order was entered extending, tolling, or otherwise preserving probationary authority beyond May 18, 2019.

7.  On April 18, 2018, while probation was active, a warrant was issued in the case and set cash bail in the amount of $500. The warrant was later entered and reflected as issued in the court's records on April 23, 2018.

8.  Upon expiration of probation on May 18, 2019, Defendant's criminal enforcement authority in the case terminated by operation of law. Defendant was required to terminate enforcement mechanisms associated with the case, including warrants, bail authority, and custodial process.

9. Defendant failed to terminate those enforcement mechanisms and instead continued to exercise criminal authority in the case after probation had expired.

10. On August 15, 2019—after probation had expired—Plaintiff was arrested on the April 23, 2018 warrant, posted $500 in cash bail, and was released the same day. Contemporaneous law enforcement records confirm that the bail was posted on August 15, 2019 under warrant identifier OCA/2016603247.

11. On January 13, 2021, after Plaintiff's probation had expired, a warrant was issued in the case that did not authorize cash bail.

12. Despite the absence of custodial execution on the January 13, 2021 warrant, the warrant remained active in court records and was later relied upon for financial forfeiture and administrative enforcement actions.

13. On April 19, 2022, $500 in cash bail posted by Plaintiff on August 15, 2019 was forfeited in the case. The forfeiture referenced the January 13, 2021 warrant, notwithstanding that the January 13, 2021 warrant did not authorize cash bail and was not the warrant under which the bail had been posted.

14. On July 15, 2024, more than five years after Plaintiff's probation had expired, another warrant was issued in the same case setting bail in the amount of $2,000.

15. On June 30, 2025, Plaintiff filed a motion challenging Defendant's continued assertion of authority after probation expiration.

16. On July 7, 2025, a hearing on Plaintiff's motion was scheduled for September 3, 2025.

17. On August 5, 2025, before the scheduled motion hearing in the same case, Plaintiff was taken into custody and confined pending further proceedings.

18. On August 6, 2025, the Court dismissed the alleged probation violation, ordered the matter closed, and directed Plaintiff's immediate release.

19. Despite the order of release and closure, Plaintiff remained confined for additional time.

20. Defendant's post-expiration custodial and financial enforcement resulted from Defendant's failure to maintain safeguards governing criminal case management, warrant processing, and financial enforcement after legal authority had ended.

## IV.   CLAIMS FOR RELIEF

**COUNT I**

**42 U.S.C. § 1983 – Fourth Amendment**

**Unreasonable Seizure (Custodial Detention)**

21. Plaintiff incorporates by reference the preceding paragraphs.

22. After Defendant's authority in Plaintiff's criminal case had expired by operation of law, Defendant caused Plaintiff to be taken into physical custody and confined through continued reliance on invalid criminal enforcement mechanisms.

23. Plaintiff's custodial detention constituted an unreasonable seizure in violation of the Fourth Amendment and was caused by Defendant's policies, customs, or practices governing warrant maintenance and custody decisions after probationary authority had ended.

**COUNT II**

**42 U.S.C. § 1983 – Fourth Amendment**

**Unreasonable Seizure (Property / Financial Enforcement)**

24. Plaintiff incorporates by reference the preceding paragraphs.

25. After Defendant's authority in Plaintiff's criminal case had expired by operation of law, Defendant seized Plaintiff's property through continued use of criminal process, including bail enforcement and forfeiture, without lawful authority.

26. Defendant's post-expiration financial enforcement constituted an unreasonable seizure in violation of the Fourth Amendment and was caused by Defendant's policies, customs, or practices governing warrant-related financial enforcement in expired criminal cases.

## V.    DAMAGES

As a direct and proximate result of Defendant's violations of the Fourth Amendment, Plaintiff seeks compensatory damages arising from unlawful custodial restraint, prolonged detention, and post-expiration misuse of criminal and financial process.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. Award Plaintiff compensatory damages in an amount to be determined at trial for violations of his rights under the Fourth Amendment;

B. Award Plaintiff nominal damages for each violation of his constitutional rights;

C. Award Plaintiff his costs of this action pursuant to 42 U.S.C. § 1988 and other applicable law; and

D. Grant such other and further relief as the Court deems just and proper.

## VII.    JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 8, 2026

Robert Brooks Hoel

Robert Brooks Hoel

General Delivery

Duluth, Minnesota

bobhoel@gmail.com

Plaintiff, Pro Se