**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBERT BROOKS HOEL,

Plaintiff,

v.

WRIGHT COUNTY,

Defendant.

Case No. 26-cv-0180 (LMP/LIB)

**ORDER DISMISSING CASE**

---

On January 9, 2026, Plaintiff Robert Brooks Hoel filed this 42 U.S.C. § 1983 action against Defendant Wright County alleging that the County's "continued use of criminal custody, warrants, and financial enforcement after its authority in [his] criminal case had expired" violates the Fourth Amendment. ECF No. 1. Hoel requests to proceed *in forma pauperis* ("IFP"), ECF No. 2 ("IFP Application"), which subjects his complaint to pre-service review under 28 U.S.C. § 1915(e)(2). Under Section 1915, an IFP application will be denied, and an action will be dismissed, when the complaint does not state a claim on which relief may be granted or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Having conducted that review, the Court dismisses the complaint as frivolous.

## BACKGROUND

The facts of the complaint are sparse, and to understand Hoel's allegations requires background concerning a state-court criminal matter. In August 2016, authorities in Wright County charged Hoel with driving under the influence of alcohol ("DWI") and refusing to submit to a chemical test. *See* ECF No. 1 at 1; *State v. Hoel*, No. 86-CR-16-4175, Index # 1 (Minn. Dist. Ct. Aug. 29, 2016).[1] Hoel pleaded guilty to the DWI charge, and in May 2017, he was sentenced to two years of "[s]upervised probation." *See id.*, Index # 27 (Minn. Dist. Ct. Apr. 24, 2017); *id.*, Index # 31 (Minn. Dist. Ct. May 18, 2017) [hereinafter "Sentencing Order"]. According to the Sentencing Order, Hoel's probation term was to run from May 18, 2017, to May 18, 2019. *See* Sentencing Order at 2.

In March 2018, the trial court issued a probation-violation warrant because the court found "probable cause to believe [that Hoel's] probation has been violated." *Hoel*, No. 86-CR-16-4175, Index # 34 (Minn. Dist. Ct. Mar. 16, 2018). Hoel failed to appear at the violation hearing, and the trial court issued an arrest warrant and set bail at $500. *Id.*, Index # 38 (Minn. Dist. Ct. Apr. 23, 2018). Hoel did not post bail until August 26, 2019, after his original supervised-probation term had been scheduled to end. *See id.*, Index # 39 (Minn. Dist. Ct. Aug. 26, 2019). The proceedings then continued, with at least two more instances of Hoel failing to appear for hearings.[2] Hoel was taken into custody on August 5, 2025.

---

[1] The Court can take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[2] *See, e.g.*, *Hoel*, No. 86-CR-16-4175, Index # 63 (Minn. Dist. Ct. Jan. 13, 2021); *id.*, Index # 70 (Minn. Dist. Ct. July 15, 2024).

*See* ECF No. 1 ¶ 17. The next day, the trial court entered an order dismissing the probation violation and closing the case file. *See Hoel*, No. 86-CR-16-4175, Index # 78 (Minn. Dist. Ct. Aug. 6, 2025).

Hoel filed this complaint in January 2026 and asserts that the various actions taken by the state court after May 18, 2019—that is, the end of Hoel's original supervised-probation term—were invalid because that term had ended. *See, e.g.*, ECF No. 1 ¶¶ 6, 8–9, 20, 22, 25. Hoel claims that Wright County violated his Fourth Amendment rights through both his custodial detention and the seizure of his property (presumably meaning bail-related funds). *See id.* ¶¶ 21–26. For relief, Hoel seeks compensatory damages, nominal damages, and recovery of the "costs of this action." *See id.* at 5–6.

**ANALYSIS**

In reviewing whether a complaint states a claim on which relief may be granted, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Hoel's legal theory is baseless and rebutted by Minnesota law. First, it rests on the premise that once a term of supervised probation expires, Minnesota courts lack authority to impose bail or compel appearances in pending probation-violation proceedings. ECF No. 1 ¶ 8 ("Upon expiration of probation on May 18, 2019, Defendant's criminal enforcement authority in the case terminated by operation of law. Defendant was required to terminate enforcement mechanisms associated with the case, including warrants, bail authority, and custodial process."). The Complaint cites no legal authority supporting this theory, and none exists. If Hoel were correct, defendants charged with violating probation could abscond, wait out the probation term, and then reappear without consequence.

Absurd results aside, his argument is also directly contradicted by Minnesota law. Minn. Stat. § 609.14, subd. 1(b), provides that "[w]hen it appears that the defendant violated any of the conditions of probation during the term of the stay, but the term of the stay has since expired, the defendant's probation officer or the prosecutor may ask the court to initiate probation revocation proceedings . . . at any time within six months after the expiration of the stay." In other words, even after a term of supervised probation ends, authorities may *initiate* revocation proceedings. And the statute covers Hoel's situation even more explicitly:

> [A]fter proceedings to revoke the stay have been initiated by a court order revoking the stay and directing either that the defendant be taken into custody or that a summons be issued . . . , the proceedings to revoke the stay may be concluded and [a] summary hearing . . . conducted after the expiration of the stay or after the six-month period set forth in paragraph (b). *The proceedings to revoke the stay shall not be dismissed on the basis that the summary hearing is conducted after the term of the stay or after the six-month period.*

Minn. Stat. § 609.14, subd. 1(c) (emphasis added); *see also, e.g.*, *State v. Sagataw*, 892 N.W.2d 47, 51 (Minn. Ct. App. 2017) ("Because the state timely and properly initiated probation revocation proceedings against Sagataw based on alleged violations that occurred during her stayed sentence, the district court had jurisdiction to conduct a revocation hearing after her stayed sentence had expired.").

Hoel's underlying legal theory is frivolous under Minnesota law. Because Hoel provides no argument that the applicable statute is unconstitutional, the Court therefore dismisses this action without prejudice. Consequently, Hoel's IFP Application is denied as moot.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hoel's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim;

2. Hoel's IFP Application, (ECF No. 2), is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 21, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge